UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LHF PRODUCTIONS, INC,<br><br>    Plaintiff,<br><br>    v.<br><br>DOES 1-19,<br><br>    Defendants. | Case No. C16-1175 RSM<br><br>ORDER GRANTING PLAINTIFF'S<br>MOTION TO AMEND COMPLAINT |

This matter comes before the Court on Plaintiff LHF Productions, Inc.'s ("LHF") Motion for Leave to Amend Complaint to Substitute Party. Dkt. #79. LHF filed this matter in July 2016 and later amended its Complaint in October 2016. *See* Dkts. #1 and #20. LHF's Amended Complaint names Tracy Silvan as a defendant. *See* Dkt. #20 ¶ 21. Despite naming Ms. Silvan as a defendant, LHF now asks the Court to allow it to amend its Amended Complaint so it can remove Ms. Silvan as a defendant, and name Simon Montgomery as a defendant instead. Dkt. #79 at 1-2. To support its motion, LHF submits a declaration by its counsel. *See* Dkt. #80. In that declaration, LHF's counsel explains that during its Rule 26(f) conference with Ms. Silvan, Ms. Silvan identified Mr. Montgomery as the party responsible for the alleged copyright infringement associated with Ms. Silvan's internet protocol address. *Id*. ¶2. For the reasons discussed herein, the Court GRANTS LHF's motion.

ORDER GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT - 1

Rule 15(a)(2) of the Federal Rules of Civil Procedure calls for the liberal amendment of pleadings, "when justice so requires." FED. R. CIV. P. 15(a)(2). Thus, "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the [plaintiff], repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.," parties should be allowed to amend a complaint. *Foman v. Davis,* 371 U.S. 178, 182 (1962).

LHF demonstrates the interests of justice warrant allowing it to amend its Amended Complaint. LHF demonstrates there is no evidence of bad faith or undue delay on its part. LHF first learned of Mr. Montgomery's alleged infringement on April 17, 2017, and four days later filed its motion to amend. *See* Dkts. #79 at 1-3 and #80 ¶ 2. Given LHF's recent discovery of Mr. Montgomery's identity, it cannot be said LHF repeatedly failed to add Mr. Montgomery as a defendant. It does not appear that LHF's addition of Mr. Montgomery as a defendant is a futile amendment, as LHF has represented that it has "obtained credible evidence" indicating that Mr. Montgomery is the responsible party for the alleged infringement. Dkt. #79 at 3. The Court agrees that Ms. Silvan will not be prejudiced by LHF's proposed amendment, as she will be dismissed from this matter. *See id*. LHF's motion to amend its Amended Complaint to dismiss Ms. Silvan and add Mr. Montgomery as a defendant is accordingly GRANTED.

DATED this 16th day of June 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE